■ In the Matter of JOSEPH GAMBALE, Appellant, against JENNIE RIGANTI, Respondent.— In a habeas corpus proceeding to recover custody of a child, order dismissing the petition reversed on the law and the facts, without costs, the writ sustained, and respondent directed to deliver the child to appellant forthwith. Findings of fact insofar as they may be inconsistent herewith are reversed and new findings are made as indicated herein. Appellant and his wife were divorced and living apart, the wife having custody of the child of the parties. The wife was killed in an automobile accident outside the State, and the child continued to reside with its maternal grandparents. Shortly after the death appellant brought this proceeding to obtain custody, and the demand is resisted by the grandmother. The child is 4½ years of age, the grandparents are in their sixties. Appellant is 31 years of age, unmarried, gainfully employed, and resides as a boarder in his brother's family which consists of two adults and two children, the brother's home including four bedrooms. Appellant loves the child. The brother and the brother's wife have agreed to assist in its care and upbringing. There is no evidence that appellant is not a fit and proper guardian nor that the proposed home is not suitable for the child. At Special Term it was held that the welfare of the child would not be furthered by removing it from the home of the grandparents where it has been since birth. Under the evidence the right of the natural father to the care and custody of the child should have been enforced. (*People ex rel. Kropp* v. *Shepsky*, 305 N. Y. 465, 468–469; *Matter of Bachman* v. *Mejias*, 1 N Y 2d 575, 582.) Nolan, P. J., Murphy, Ughetta and Kleinfeld, JJ., concur; Beldock, J., concurs in result.